**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ELISE AASGAARD, individually and on behalf of all others similarly-situated

Plaintiff,

v.

WELSPUN USA, INC.,

Defendant.

No. 16-cv-1408

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Elise Aasgaard, individually and on behalf of all other similarly-situated in the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

1. This case arises out of Defendant Welspun USA, Inc.'s ("Defendant" or "Welspun USA") deceptive, unfair, and false merchandising practices regarding its fake Egyptian Cotton sheets, including but not limited to those sold to consumers at Wal-Mart under the Better Homes and Gardens and Crowning Touch brands, at Kohls under the Jennifer Lopez brand, at Bed Bath & Beyond under the Perfect Touch and Crowning Touch brands, and at Target under the Fieldcrest brand (the "Products[1]").

2. On the label of the Products, Defendant prominently represents that the Products are made from "100% Egyptian cotton" or "Egyptian cotton."

3. The Products, however, are not made from Egyptian cotton.

[1] Plaintiff anticipates the list of fraudulent Products may change as discovery reveals the extent of the scam and reserves the right to amend this complaint in accordance with the Federal Rules.

4. Instead, they are made from Indian cotton, which is a far inferior fabric that sells for 40-50% less than Egyptian cotton.

5. Because the Products are made from the inferior Indian cotton, the representation that the Products are made from Egyptian cotton is false, deceptive, and misleading.

6. In addition, by claiming the Products are made from Egyptian cotton, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products are made from Egyptian cotton, when in fact the Products are made from Indian cotton. Moreover, the overall format and appearance of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products are made from Egyptian cotton.

7. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and common law.

## PARTIES

8. Plaintiff Elise Aasgaard is a resident of the City of St. Louis, Missouri. In late 2015 or early 2016, Plaintiff purchased Better Homes and Gardens 400 TC Egyptian cotton sheet set at Wal-Mart for personal, family, or household purposes. Plaintiff reasonably believed that the Product was made of Egyptian cotton, and she was deceived by the false label.

9. Plaintiff's claim is typical of all class members. The labels of each of the Products purchased by Plaintiff and the Class are substantially similar in that they all uniformly claim that the Products are made from "Egyptian cotton" when they in fact are made from Indian cotton. As a result, they are deceptive, false, and unfair, and injure Plaintiff and Class members in the same way.

10. Defendant Welspun USA, Inc. is a Delaware corporation with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which explicitly provides for the original jurisdiction of the federal courts of any class action in which any member of the Putative Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs, and there are more than 100 class members.

12. Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that damages resulting from the claims in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state, and has purposefully directed and targeted business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including targeting and distributing the misleading Product for sale throughout the State of Missouri.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the Product in this judicial District.

**ALLEGATIONS OF FACT**

15. Defendant is a subsidiary of Welspun India, Ltd. ("Welspun India").

16. Welspun India manufactures textiles, including the Products. Welspun India is among the largest home textile manufacturers in the world.

17. On information and belief, Welspun USA markets and distributes textiles, including the Products, throughout the United States.

18. On information and belief, Welspun USA distributes the Products to at least the following retailers, who in turn sell them to consumers under at least the following corresponding brand names: Wal-Mart (Better Homes and Gardens and Crowning Touch brands), Kohls (Jennifer Lopez brand), Bed Bath & Beyond (Perfect Touch and Crowning Touch brands), and Target (Fieldcrest brand).

19. Each of the Products is marked as being made of Egyptian cotton. Egyptian cotton is prized for its high quality. Because the supply of Egyptian cotton has declined by as much as 30% over the past ten years, the price for Egyptian cotton has soared. Demand for the luxury fabric, however, remains strong.

20. Each of the Products, however, is in fact made from Indian cotton, a far inferior fabric that sells from 40-50% less than Egyptian cotton.

21. In fact, in August 2016, Target announced the following:

> One of Target's vendors, Welspun, was one of the producers of Egyptian Cotton 500-thread count sheets under the Fieldcrest label for Target. After an extensive investigation, we recently confirmed that Welspun substituted another type of non-Egyptian cotton when producing these sheets between August 2014 and July 2016…This was a clear violation of both Target's Code of Conduct and our Standards of Vendor Engagement, and was contrary to the high ethical standards to which we hold ourselves, and our vendors. As soon as our investigation confirmed the substitution, we pulled all remaining product from Target stores and Target.com. We have

> informed Welspun that, due to this conduct, we are in the process of terminating our relationship with them.

22. Other retailers, including Wal-Mart, J.C. Penney, and Bed Bath & Beyond are reportedly also investigating.

23. By attempting to pass off the Indian cotton as Egyptian cotton, Defendant is able to entice consumers like Plaintiff and the class members to pay a premium for the Products or pay more for them than they otherwise would have had the truth be known.

24. Neither Plaintiff nor any reasonable consumer would expect that Products labeled as being made from "Egyptian cotton" were actually made from some other inferior fabric.

25. As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff and Class Members paid a premium for the Products. The Products, however, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to their misleading labels.

26. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo, as well as the common law.

27. Indeed, Defendants have admitted that "[w]ithout any ambiguity, the fault is on our side."

## CLASS ALLEGATIONS

28. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff brings this action on her own behalf and on behalf of the following Classes:

> The Missouri Class: All citizens of Missouri who purchased the Products for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").
>
> The Nationwide Class: All citizens of the United States who purchased the Products for personal, household, or family purposes during the Class Period.

29. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30. Upon information and belief, the Class consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

31. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

a. Whether the claim that the Products are made from "Egyptian cotton" is false, misleading, and deceptive;

b. Whether Defendant violated the MMPA by selling the Products with false, and deceptive representations;

c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d. Whether the labels of the Products create false impressions and have the tendency and capacity to mislead consumers;

e. Whether Defendant created and breached the express warranty that the Products were made from Egyptian Cotton;

f. Whether Defendant was unjustly enriched; and

g. The proper measure of damages sustained by Plaintiff and Class Members.

32. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

33. Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

35. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

36. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or

impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

37. Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of Missouri's Merchandising Practices Act

*(On Behalf of the Missouri Class)*

38. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

39. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

40. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Products are made from Egyptian Cotton when they in fact are made from inferior Indian Cotton.

41. In addition, by claiming the Products are made from Egyptian Cotton, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products are solely comprised of Egyptian Cotton, when they in fact are made of Indian Cotton. Moreover, the overall format and

appearance of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products are made from Egyptian Cotton.

42. The Products were therefore worth less than the Products as represented, and Plaintiff and Class Members paid extra or a premium for them.

43. Plaintiff and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

44. Plaintiff also seeks injunctive relief to remedy Defendant's ongoing deceptive practices.

45. Plaintiffs also seek punitive damages in accordance with § 407.025.1 because Defendant's actions were taken with an evil motive or reckless indifference.

**COUNT II**

**Unjust Enrichment**

*(On Behalf of the Nationwide Class)*

46. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

47. By purchasing the Products, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Products.

48. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

49. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

50. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of law, and therefore restitution and/or disgorgement of such economic enrichment is required.

**COUNT III**

**Breach of Express Warranty**

*(On Behalf of the Nationwide Class)*

51. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Defendant made the affirmation of fact and the promise to Plaintiff and the class members that the Products were made from Egyptian cotton, guaranteeing to Plaintiff and the class members that the Products were in conformance with the representation.

53. This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and class members purchased Defendant's Products, and Plaintiff and class members relied on the affirmations when making their purchasing decisions.

54. Defendant breached its express warranty that the Products were made from Egyptian cotton by providing Plaintiff and class members with Products that were not made from Egyptian cotton.

55. As a result of Defendant's breach of warranty, Plaintiff and the class members have been deprived of the benefit of their bargain in that they bought Products that were not what

they were was represented to be, and they have spent money on Products that had less value than was reflected in the premium purchase price they paid for the Products.

56. Because Defendant has actual knowledge that its Products are not as warranted, pre-suit notice of this claim is not required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Issue an injunction preventing Defendant from continuing its unlawful merchandising practices;

e. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs;

f. Award punitive damages; and

g. For all such other and further relief as may be just and proper.

Dated: August 31, 2016

Elise Aasgaard, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By: /s/ *Matthew H. Armstrong*
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109

St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
Dean Gresham *(pro hac vice application forthcoming)*
Bruce W. Steckler *(pro hac vice application forthcoming)*
STECKLER GRESHAM COCHRAN
12720 Hillcrest Rd., Ste. 1045
Dallas TX 75230
Tel: 972-387-4040
Fax: 972-387-4041
Email: scochran@scochranlaw.com
dgresham@greshampc.com
bruce@stecklerlaw.com

Attorneys for Plaintiff and the Putative Class